UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BEAU GIPSON, )
 )
    Plaintiff, )
 )
v. ) No. 3:06-CV-161
 ) (Phillips)
ROBERT SCOTT NEWMAN, )
 )
    Defendant. )

## MEMORANDUM OPINION

Plaintiff Beau Gipson has brought this action for damages pursuant to 42 U.S.C. § 1983 and the Fourth Amendment, for excessive force used in an attempt to arrest the plaintiff. Defendant Robert Scott Newman, individually and in his official capacity as a City of Loudon, Tennessee, police officer, moves the court for entry of an order granting summary judgment as to plaintiff's claims. After reviewing the record, the court finds that defendant Newman and the City of Loudon are entitled to summary judgment because the facts, even when viewed most favorably to the plaintiff, do not constitute a constitutional violation.

## Background

Plaintiff's account of the events leading to his arrest is as follows: On April 26, 2005, Gipson was in Loudon, Tennessee, on a trip with friends to Gatlinburg,

Tennessee. Gipson and his friends had stopped at the Super 8 Motel in Loudon. Gipson stated he was taking prescription Hydrocodone on that day for a shoulder injury, but does not recall how much of the drug he had taken. Gipson and a friend spotted a truck in the motel's parking lot. Gipson intended to steal the truck utilizing a screw driver and drive it back to his home in Monteagle, Tennessee. Gipson and his friend were standing beside the truck when they spotted Sgt. Newman and another officer coming from the back of the gas station across the street toward them.

Gipson was on probation at the time and feared a probation violation if he was arrested, so he ran. Sgt. Newman immediately told him to stop. Gipson did not and ran across the street towards the gas station. He ran around the building and noticed an unoccupied S-10 pickup truck with the keys in the ignition. It was unlocked and Gipson jumped in. When he started the truck, he felt an arm come through the window. Sgt. Newman turned the ignition off and Gipson turned it back on and attempted to push Sgt. Newman's arm out of the way. Sgt. Newman repeatedly told Gipson to stop as he moved the truck in reverse. Every time Sgt. Newman shut the ignition off, Gipson would jerk away and restart the vehicle. Sgt. Newman believes he was able to turn off the ignition two or three times during the struggle. Nevertheless, Gipson was able to move the truck backwards 6-8 feet. At this point, Sgt. Newman was half in and half out of the truck and being drug alongside the pickup. Sgt. Newman yelled for Gipson to stop the pickup, but Gipson said nothing and instead accelerated forward. Sgt. Newman again told Gipson to

stop or he would shoot him. Gipson continued to accelerate forward and at that point, Sgt. Newman shot Gipson.

Sgt. Newman testified that he shot Gipson because he feared if he did not shoot, he would have been drug under the pickup and run over. Sgt. Newman also testified that it was a busy time of the morning at the gas station, and there were people coming in and out of the station, and he feared that Gipson would run over one of them in his attempt to escape.

The truck crashed into some trees. Gipson got out of the pickup and was placed in custody. The parties do not dispute that Gipson received immediate and appropriate medical attention

As a result of this incident, Gipson's supervisory release was revoked.[1] Gipson also pleaded guilty to felony reckless endangerment of Sgt. Newman in Loudon County Criminal Court as to his actions in the incident.

## **Analysis**

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact

---

[1] Gipson was on supervised release after serving 29 months in prison after a federal conviction for manufacturing methamphetamine.

-3-

and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Sgt. Newman has moved for summary judgment on all the plaintiff's claims. Sgt. Newman bases his motion on qualified immunity, arguing that a reasonable officer in his position would not have understood under the circumstances set forth above that his conduct would violate plaintiff's right to be secure from unreasonable search and seizure.

Qualified immunity for a police officer in his individual capacity involves a two-step analysis. The first inquiry must be whether a constitutional right would have been violated on the facts alleged. *Saucier v. Katz,* 533 U.S. 194, 200 (2001). If no constitutional violation occurred, the inquiry is over and summary judgment must be granted to the officer. Gipson alleges that Sgt. Newman violated the Fourth Amendment, which prohibits unreasonable searches and seizures, when he shot plaintiff. There is no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment. *Tennessee v. Garner,* 471 U.S. 1, 7 (1985). This "reasonable requirement" means that the force used to effect a particular seizure, here the shooting, must be found reasonable after carefully balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interest, against the countervailing governmental interests at stake." *Graham v. Connor,* 490 U.S. 386, 396 (1989). Given the extreme intrusion caused by use of deadly force, the countervailing governmental interests must be weighty, "only in rare instances may an officer seize a suspect by use of deadly force." *Whitlow v. City of Louisville,* 39 Fed.Appx. 297, 302-03 (6th Cir. July 1, 2002).

The government's interest in using deadly force to effect a seizure varies based upon the circumstances faced by the officer, "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it, and so the question is whether the amount of force used by the officer was excessive." *See Graham,* 490 U.S. at 396. *Garner* stated that

deadly force can be used when "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others . . . ." *Garner,* 471 U.S. at 11-12. Probable cause means that the facts and circumstances of which the officer is aware are sufficient to warrant a man of reasonable caution to believe that deadly force is necessary. *See Berger v. New York,* 388 U.S. 41, 55 (1967).

There are certain facts and circumstances that have been held to be important when evaluating whether an officer has probable cause to believe deadly force is necessary. The most common considerations are the "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Another consideration is the number of lives at risk from the suspect's conduct, as well as the relative culpability of those at risk. *Scott v. Harris,* 550 U.S. 372, 380 (2007). More force is proper, which could include deadly force, if the suspect is fighting with the police, *Utalan v. City of Lorain,* 430 F.3d 312, 317 (6th Cir. 2005), or is intoxicated and noncompliant, *Monday v. Oullette,* 118 F.3d 1099, 1104-05 (6th Cir. 1997).

The officer must be given some leeway when a court analyses the reasonableness of his decision. It is important to remember what is a "reasonable" belief could also be a mistaken belief, and the fact it turns out to be mistaken does not undermine its reasonableness as considered at the time of the acts. *See Saucier*, 533 U.S. at 205. The "reasonableness of a particular use of force must be judged from the perspective of

-6-

Case 3:06-cv-00161   Document 40   Filed 02/13/09   Page 6 of 9   PageID #: 319

a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.*"* *Graham*, 490 U.S. at 396. Additionally, more leeway is provided to the officer in determining reasonableness when "the circumstances are tense, uncertain or rapidly evolving, and the officer is therefore forced to make a split-second judgment." *Id.* at 397. The court is required to provide a "measure of deference to the officer's on-the-spot judgment about the level of force necessary." *Ciminillo v. Streicher,* 434 F.3d 461, 467 (6th Cir. 2006). This "measure of deference" carries great weight when all parties agree that the events in question happened very quickly, as here. *Untalan,* 430 F.3d at 315.

There are also facts and circumstances that should not be considered. The facts and circumstances are viewed objectively, from the perspective of a reasonable officer, and therefore the subjective intent or motivation of the officer is irrelevant. *Graham*, 490 U.S. at 397. Also irrelevant, despite plaintiff's argument to the contrary, is whether or not the officer had other means of force at his disposal. "The Fourth Amendment does not require officers to use the best technique available as long as their method is reasonable under the circumstances." *Dickerson v. McClellan*, 101 F.3d 1151, 1160 (6th Cir. 1996). The question is whether the undisputed facts "demonstrate that a hypothetical reasonable officer would have known that his actions, under the circumstances, were objectively unreasonable, not whether the officer used the least intrusive means available." *Scott v. Clay County,* 205 F.3d 867, 877 (6th Cir. 2000).

With respect to Sgt. Newman's use of force, Gipson, by his guilty plea to felony reckless endangerment, has admitted that he recklessly placed Sgt. Newman in danger of death or serious bodily injury with a deadly weapon.[2] No dispute exists that Sgt. Newman encountered Gipson while he was in the act of stealing a truck. Gipson ran and was attempting to steal another truck when Sgt. Newman caught up to him. Gipson knew that Sgt. Newman was a police officer. Sgt. Newman repeatedly identified himself and told Gipson to stop. Gipson actively resisted Sgt. Newman's attempts to stop him and put Sgt. Newman's life in danger. Gipson attempted to utilize a truck he had stolen to leave the scene knowing Sgt. Newman was at the driver side window with his hand on the ignition in an attempt to apprehend Gipson. Gipson's repeated attempts to get away raised imminent possibility of serious bodily injury or death to Sgt. Newman. Because he feared for his life and the safety of others at the gas station, Sgt. Newman fired his service pistol, hitting and wounding Gipson. As a matter of law, Sgt. Newman's actions were objectively reasonable, and thus did not violate the Fourth Amendment. Sgt. Newman justifiably discharged his weapon in order to seize Gipson and prevent serious injury or death to himself and other innocent bystanders. Accordingly, Sgt. Newman is entitled to qualified immunity because he did not violate Gipson's constitutional rights.

---

[2] Under Tennessee law, a person commits the offense of reckless endangerment when he recklessly engages in conduct which places, or may place, another person in immediate danger of death or serious bodily injury, reckless endangerment is a felony only if committed with a deadly weapon. *See* Tenn. Code Ann. § 39-13-103.

-8-

Case 3:06-cv-00161   Document 40   Filed 02/13/09   Page 8 of 9   PageID #: 321

In his response, Gipson concedes that he has no proof to support a claim against the City of Loudon for a policy of excessive force. Gipson further concedes that summary judgment should be granted on the issue of municipal liability.

Additionally, pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise jurisdiction over plaintiff's state law claims. Therefore, plaintiff's causes of action for assault and battery are **DISMISSED WITHOUT PREJUDICE** to the refiling of same in an appropriate state court.

## Conclusion

Because the court concludes that the force used by Sgt. Newman was constitutionally reasonable, plaintiff has failed to establish a constitutional violation. Accordingly, defendant Robert Scott Newman's motion for summary judgment [Doc. 25] is **GRANTED**.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge